# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALAN R. WARD,**
        **Petitioner,**

    **v.**                                                                        **Case No. 07-C-961**

**JODINE DEPPISCH,**
        **Respondent.**

## ORDER

On October 29, 2007, Alan R. Ward filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. According to his petition, petitioner pleaded guilty to and was convicted of theft in a business setting and felony bail jumping in Sauk County Circuit Court. He was sentenced to five years of imprisonment and is currently incarcerated at Fox Lake Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner lists six grounds for relief. He asserts that the prosecutor violated petitioner's plea agreement by agreeing to entry of a class D felony but then entering a

plea of guilty to a class C felony and by failing to provide petitioner with a "restitution hearing." Petitioner additionally contends that the sentencing judge promised him that he would not "deal with the amount of restitution" at sentencing, but then considered restitution anyway, and that the sentencing judge considered untrue claims in sentencing petitioner. These nature of petitioner's claims regarding the prosecutor and the sentencing judge are not entirely clear, but I cannot say at this time that they are not cognizable in a habeas petition and thus petitioner may proceed with them. Petitioner further asserts that his counsel at his plea hearing and sentencing hearing were ineffective in various ways. This claim clearly raises a constitutional question. See Strickland v. Washington, 466 U.S. 668 (1984). Finally, petitioner asserts that the post-conviction court was negligent in scheduling a hearing on his post-conviction motion. This raises, at most, an issue of state law, and is not cognizable in a habeas petition.

As such, respondent must respond to petitioner's first through fifth asserted grounds for relief. Respondent need not respond to petitioner's sixth asserted ground for relief.

Petitioner filed with his petition an application for leave to proceed in forma pauperis along with an affidavit of indigency and a six-month prison trust account statement. Although petitioner's affidavit asserts that he has no savings, his trust account statement shows that he has sufficient funds with which to pay the $5.00 filing fee applicable to habeas cases. As such, I will deny petitioner's request to proceed in forma pauperis.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**IT IS FURTHER ORDERED** that petitioner's request for leave to proceed in forma pauperis is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner must pay the $5.00 filing fee applicable to this case within thirty (30) days of the date of this order.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Jodine Deppisch and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge