# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALAN R. WARD,**
        **Petitioner,**

    v.                                    Case No. 07-C-961
                                          Appeal No. 08-2809

**JODINE DEPPISCH,**
        **Respondent.**

## MEMORANDUM AND ORDER

On July 21, 2008, habeas petitioner Alan R. Ward filed a notice of appeal of my denial of his petition. On August 4, 2008, he filed a motion to proceed in forma pauperis on appeal so that he may avoid paying the appellate filing fee of $455. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The jump in price makes his current request understandable. On July 11, 2008, I denied petitioner's request for a certificate of appealability. Petitioner has since filed a motion asking that I reconsider such denial. The present order addresses petitioner's motion to proceed in forma pauperis on appeal and his motion for reconsideration of my denial of his request for a certificate of appealability.

## I. IN FORMA PAUPERIS

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the

appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, although it is something of a close call, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to appeal in forma pauperis. Further, after reviewing petitioner's trust account statement and his affidavit of indigence, I am satisfied that he cannot pay the $455 filing fee.

## II. CERTIFICATE OF APPEALABILITY

I denied petitioner's request for a certificate of appealability in a written decision dated July 11, 2008. Petitioner has since submitted an affidavit and asks that I reconsider my prior decision in light of the affidavit. I have considered petitioner's affidavit, and nothing therein causes me to conclude that petitioner has made a substantial showing of the denial of any constitutional right. As previously explained, none of the issues raised by petitioner deserves encouragement to proceed further, and I do not believe that reasonable jurists would find my assessment of his constitutional claims debatable or

wrong. Therefore, petitioner's motion for reconsideration of my denial of his request for a certificate of appealability is denied.[1]

**THEREFORE, IT IS ORDERED** that petitioner's motion to appeal in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration of my decision denying him a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6 day of August, 2008.

/s_____
LYNN ADELMAN
District Judge

---

[1] I note that because the standard for granting a certificate of appealability is more demanding than the standard for finding that an appeal is taken in good faith, it is not contradictory to both grant a motion to appeal in forma pauperis and deny a certificate of appealability. See Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000).